UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
(Fort Lauderdale Division)

Case Number:

ADIEL NOEL ALVAREZ,

     Plaintiff,

vs.

CITY OF MIRAMAR,

     Defendant.

_____/

## Complaint for Damages and Injunctive Relief

Plaintiff, Adiel Noel Alvarez ("Alvarez" or "plaintiff"), sues defendant, City of Miramar ("City" or "Defendant"), and alleges:

### Introduction and Summary

1. This is a race-, national-origin- and sex-discrimination action by Adiel Noel Alvarez, a Hispanic (Puerto Rican-heritage) white male, who, after being told that the Chief of Police wanted him to fill the Bureau Commander for Support Services position after it was vacated and having worked as Acting Bureau Commander for two months, was told that the position had to be given to Italia Thurston (a lesser qualified black, female of Bahamian descent who worked as Senior Human Resources Generalist and no prior management experience) whom the Assistant City Manager wanted to fill the position and whom Alvarez had to train to perform the job after it was reclassified with a significant salary increase.   He sues

pursuant to Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 2000e, et seq. ("Title VII"), and the Florida Civil Rights Act of 1992, Chapter 760, Florida Statutes ("FCRA"), for damages, equitable relief, reasonable attorney's fees and litigation expenses.

**Jurisdiction and Venue**

2.     This Court has jurisdiction pursuant to 28 U.S.C. § 1331 (federal question).  The Court has supplemental jurisdiction of the FCRA claims pursuant to 28 U.S.C. § 1367 because the FCRA claims are so related to the federal claims over which the Court has federal-question jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

3.     Venue is proper in Broward County, Florida, because the claims arose there and the City of Miramar is located there.

**Satisfaction of Conditions Precedent**

4.     On or about November 4, 2022, Mr. Alvarez filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), which by operation of law meant that he also filed it with the Florida Commission on Human Relations ("FCHR").

5.     On March 13, 2023, the Department of Justice issued a notice of right to sue, within 90 days of which Mr. Alvarez brought this action.

6.     More than 180 days elapsed without the FCHR's making an adverse finding against Mr. Alvarez on any of his allegations or conciliating the charge.

7. All conditions precedent to this action, if any, have been satisfied, waived or would have been futile.

## Parties

8. Adiel Noel Alvarez, a Hispanic (Puerto Rican-heritage) white male who, was, at all times material, employed as Administrative Services Division Manager in the City of Miramar, and, as such, was an "employee," or "aggrieved person" under Title VII and the FCRA. He is protected by:

a. Title VII because of his race, national origin and sex, and

b. the FCRA because of his race, national origin and sex.

9. Defendant City of Miramar ("Miramar") is Florida municipal corporation. At all times material, it was and is an "employer" as envisioned by Title VII and the FCRA.

## Applicable Statutes

10. Title VII of the Civil Rights Act of 1964, as amended, provides in pertinent part, at 42 U.S.C. § 2000e-2(a) as follows:

It shall be an unlawful employment practice for an employer —

(1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race . . . sex, or national origin; or

(2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race . . . sex, or national origin.

11. The FCRA provides at § 760.10(1), FLA. STAT., as follows:

It is an unlawful employment practice for an employer:

(a) To discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race . . . sex . . . national origin . . . .

(b) To limit, segregate, or classify employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities, or adversely affect any individual's status as an employee, because of such individual's race . . . sex . . .  national origin. . . .

### General Allegations

12.    During 2009, Mr. Alvarez started to work for the City of Miramar as a communications officer in the City's Police Department.

13.    He was subsequently promoted to management positions for which he was qualified, including Operational Services  Division Manager, and then Administrative Services Division Manager.

14.    As Administrative Services Division Manager in the Support Services bureau, he oversaw all of the department's civilian functions, supervising approximately 11 employees.

15.    Mr. Alvarez holds a Masters Degree in Public Administration and, by 2022, had over six years of direct supervisory and management experience at the City of Miramar.

16.    His performance in the position was often and consistently rated as "outstanding."

17.    For example, Mr. Alvarez received Outstanding ratings on his performance evaluations, including his 2022 evaluations, which noted that "Noel has become an outstanding performer in all areas of his job" and

"had outstanding levels of output, both in quality and quantity, and had accomplishments that exceeded established unit goals."

18. He also received commendations for his work, internally and externally, including:

a. the Police Department's Unit Citation Award for 2021 Quarter 3 (July - September 2021) for the performance of his unit;

b. the Police Department's Employee of the Year 2020, and Employee of the quarter for 2020;

c. commendations for his work in 2016, 2017, 2018, 2019, 2020 and 2021;

d. the Police Department's Administrative Excellence Award March 28, 2019, and

e. the 2022 IDC Smart Cities Award and Smart 50 Award.

19. During 2022, due to the departure of three black  employees, three positions became vacant, i.e, executive service bureau major, Bureau Commander in Support Services, and support services division manager.

20. While the City had no formal procedure to fill those positions, Mr. Alvarez expressed his interest in the Bureau Commander for Support Services Position, a position which he was qualified and was filled previously by the supervisor, Carlette Dubuisson, who rated his performance evaluation).

21. The Chief of Police, who informed Mr. Alvarez that he wanted him to succeed Ms. Duibisson, requested Mr. Alvarez's resumé and helped him to tweak it.

22. On or about July 5, 2022, Mr. Alvarez was named acting bureau commander, which required him to perform the duties of the position until a candidate was selected.

23. On numerous occasions, the Chief of Police advised Mr. Alvarez and others who worked in the department that Mr. Alvarez would be promoted to the permanent Bureau Commander.

24. However, on or about August 24, the Chief of Police informed Alvarez that he would not be promoted to bureau commander and would instead receive a pay increase so that his salary would be at the maximum of his salary range, with a new (upgraded) vehicle.

25. The Chief of Police informed Alvarez that the Assistant City Manager, Adam Burden, a black male, who denied the salary increase and vehicle upgrade for Mr. Alvarez,  insisted that the promotion instead be given to  Ithalia Thurston, a black female of Bahamian heritage.

26. Ms. Thurston worked as Senior Human Resources Generalist in the Human Resources Department with no experience in the support services areas of responsibilities.

27. For Ms. Thurston, the City reclassified the Bureau Commander position to a higher salary range than it had previously, increasing the

salary for the position from $104,000 to $117,000 ($120,000 with the cost-of-living supplement).

28.     Because Ms. Thurston was less qualified for the position than Mr. Alvarez and had little or no supervisory experience at the City, Mr. Alvarez was required to train Ms. Thurston, who knew nothing about what the bureau did, how to perform the job.

29.     The City also filled the other two vacant positions that black employees had vacated with black candidates.

30.     The City's actions discriminated against Mr. Alvarez in the terms, conditions and privileges of employment.

31.     The treatment to which defendant, through its agents and employees, subjected Mr. Alvarez was because of his race, sex and national origin and, thus, constituted discrimination as proscribed by FCRA.

### Count 1 — Race Discrimination Under the Title VII

32.     Plaintiff, Adiel Noel Alvarez, realleges and adopts, as if fully set forth in this Count, the allegations of ¶¶ 1-5, 7, 8(a), 9, 10 and 12-30.

33.     The treatment to which defendant, through its agents and employees, subjected Mr. Alvarez was because of his race and, thus, constituted race discrimination as proscribed by Title VII.

34.     As a direct, natural, proximate and foreseeable result of the actions of defendant, through its agents and representatives, plaintiff has suffered past pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses,

and, without this Court's intervention, would suffer additional losses in the future.

35.    The race discrimination that plaintiff is suffering, in violation of his Florida statutory rights to be free from such discrimination, constitutes irreparable harm for which there is no adequate remedy at law.

36.    Plaintiff is entitled to recover costs and litigation expenses, including a reasonable attorney's fee, for bringing this action under 42 U.S.C. § 2000e-5(k).

WHEREFORE, Plaintiff, Adiel Noel Alvarez, prays that this Court will grant judgment for him, and against defendant, City of Miramar, and:

*One,* issue a judgment that City of Miramar's practices toward Mr. Alvarez violated his rights against race discrimination in violation of the Title VII;

*Two*, award judgment against City of Miramar for the back pay and benefits to which plaintiff would have been entitled but for its discriminatory acts;

*Three*, enjoin City of Miramar and its agents from continuing to violate plaintiff's statutory rights and to make him whole through, instatement, restoration of seniority and benefits, or, if that is not practical, through an award of front pay;

*Four*, enter judgment for plaintiff and against defendant for damages, including compensatory damages;

*Five*, grant Mr. Alvarez his costs and reasonable attorney's fees pursuant to 42 U.S.C. § 2000e-5(k), and

*Six*, grant Mr. Alvarez such other and further relief as the circumstances and law provide.

### Count 2 — National Origin Discrimination Under Title VII

37.     Plaintiff, Adiel Noel Alvarez, realleges and adopts, as if fully set forth in this Count, the allegations of   ¶¶ 1-5, 7, 8(a), 9, 10 and 12-30.

38.     The treatment to which defendant, through its agents and employees, subjected Mr. Alvarez was motivated by his national origin (Puerto Rican), and, thus, constituted national origin discrimination as proscribed by Title VII.

39.     As a direct, natural, proximate and foreseeable result of the actions of defendant, through its agents and representatives, plaintiff  has suffered past pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses, and, without this Court's intervention, would suffer additional losses in the future.

40.     The national origin discrimination that plaintiff is suffering, in violation of his Florida statutory rights to be free from such discrimination, constitutes irreparable harm for which there is no adequate remedy at law.

41.    Plaintiff is entitled to recover costs and litigation expenses, including a reasonable attorney's fee, for bringing this action under 42 U.S.C. § 2000e-5(k).

WHEREFORE, Plaintiff, Adiel Noel Alvarez, prays that this Court will grant judgment for him, and against defendant, City of Miramar, and:

*One*, issue a judgment that City of Miramar's practices toward Mr. Alvarez violated his rights against national origin discrimination in violation of Title VII;

*Two*, award judgment against City of Miramar for the back pay and benefits to which plaintiff would have been entitled but for its discriminatory acts;

*Three*, enjoin City of Miramar and its agents from continuing to violate plaintiff's statutory rights and to make him whole through, instatement, restoration of seniority and benefits, or, if that is not practical, through an award of front pay;

*Four*, enter judgment for plaintiff and against defendant for damages, including compensatory damages;

*Five*, grant Mr. Alvarez his costs and reasonable attorney's fees pursuant to 42 U.S.C. § 2000e-5(k), and

*Six*, grant Mr. Alvarez such other and further relief as the circumstances and law provide.

### Count 3 — Sex Discrimination Under Title VII

42. Plaintiff, Adiel Noel Alvarez, realleges and adopts, as if fully set forth in this Count, the allegations of ¶¶ 1-5, 7, 8(a), 9, 10 and 12-30.

43. The treatment to which defendant, through its agents and employees, subjected Mr. Alvarez was motivated by his sex (male), and, thus, constituted sex discrimination as proscribed by Title VII.

44. As a direct, natural, proximate and foreseeable result of the actions of defendant, through its agents and representatives, plaintiff has suffered past pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses, and, without this Court's intervention, would suffer additional losses in the future.

45. The sex discrimination that plaintiff is suffering, in violation of his Florida statutory rights to be free from such discrimination, constitutes irreparable harm for which there is no adequate remedy at law.

46. Plaintiff is entitled to recover costs and litigation expenses, including a reasonable attorney's fee for bringing this action under 42 U.S.C. § 2000e-5(k).

WHEREFORE, Plaintiff, Adiel Noel Alvarez, prays that this Court will grant judgment for him, and against defendant, City of Miramar, and:

*One*, issue a judgment that City of Miramar's practices toward Mr. Alvarez violated his rights against sex discrimination in violation of Title VII;

*Two*, award judgment against City of Miramar for the back pay and benefits to which plaintiff would have been entitled but for its discriminatory acts;

*Three*, enjoin City of Miramar and its agents from continuing to violate plaintiff's statutory rights and to make him whole through, instatement, restoration of seniority and benefits, or, if that is not practical, through an award of front pay;

*Four*, enter judgment for plaintiff and against defendant for damages, including compensatory damages;

*Five*, grant Mr. Alvarez his costs and reasonable attorney's fees pursuant to 42 U.S.C. § 2000e-5(k), and

*Six*, grant Mr. Alvarez such other and further relief as the circumstances and law provide.

### Count 4 — Race Discrimination Under the FCRA

47. Plaintiff, Adiel Noel Alvarez, realleges and adopts, as if fully set forth in this Count, the allegations of ¶¶ 1-4, 6, 7, 8(b), 9 and 11-30.

48. The treatment to which defendant, through its agents and employees, subjected Mr. Alvarez was because of his race and, thus, constituted race discrimination as proscribed by FCRA.

49. As a direct, natural, proximate and foreseeable result of the actions of defendant, through its agents and representatives, plaintiff has suffered past pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses,

and, without this Court's intervention, would suffer additional losses in the future.

50.     The race discrimination that plaintiff is suffering, in violation of his Florida statutory rights to be free from such discrimination, constitutes irreparable harm for which there is no adequate remedy at law.

51.     Plaintiff is entitled to recover costs and litigation expenses, including a reasonable attorney's fee, for bringing this action under § 760.11(5), FLA. STAT.

WHEREFORE, Plaintiff, Adiel Noel Alvarez, prays that this Court will grant judgment for him, and against defendant, City of Miramar, and:

*One,* issue a judgment that City of Miramar's practices toward Mr. Alvarez violated his rights against race discrimination in violation of the FCRA;

*Two*, award judgment against City of Miramar for the back pay and benefits to which plaintiff would have been entitled but for its discriminatory acts;

*Three*, enjoin City of Miramar and its agents from continuing to violate plaintiff's statutory rights and to make him whole through, instatement, restoration of seniority and benefits, or, if that is not practical, through an award of front pay;

*Four*, enter judgment for plaintiff and against defendant for damages, including compensatory damages;

*Five*, grant Mr. Alvarez his costs and reasonable attorney's fees pursuant to § 760.11(5), FLA. STAT., and

*Six*, grant Mr. Alvarez such other and further relief as the circumstances and law provide.

### Count 5 — National Origin Discrimination Under the FCRA

52.    Plaintiff, Adiel Noel Alvarez, realleges and adopts, as if fully set forth in this Count, the allegations of  ¶¶ 1-4, 6, 7, 8(b), 9 and 11-30.

53.    The treatment to which defendant, through its agents and employees, subjected Mr. Alvarez was motivated by his national origin (Puerto Rican), and, thus, constituted national origin discrimination as proscribed by FCRA.

54.    As a direct, natural, proximate and foreseeable result of the actions of defendant, through its agents and representatives, plaintiff  has suffered past pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses, and, without this Court's intervention, would suffer additional losses in the future.

55.    The national origin discrimination that plaintiff is suffering, in violation of his Florida statutory rights to be free from such discrimination, constitutes irreparable harm for which there is no adequate remedy at law.

56.    Plaintiff is entitled to recover costs and litigation expenses, including a reasonable attorney's fee, for bringing this action under § 760.11(5), FLA. STAT.

WHEREFORE, Plaintiff, Adiel Noel Alvarez, prays that this Court will grant judgment for him, and against defendant, City of Miramar, and:

*One*, issue a judgment that City of Miramar's practices toward Mr. Alvarez violated his rights against national origin discrimination in violation of the FCRA;

*Two*, award judgment against City of Miramar for the back pay and benefits to which plaintiff would have been entitled but for its discriminatory acts;

*Three*, enjoin City of Miramar and its agents from continuing to violate plaintiff's statutory rights and to make him whole through, instatement, restoration of seniority and benefits, or, if that is not practical, through an award of front pay;

*Four*, enter judgment for plaintiff and against defendant for damages, including compensatory damages;

*Five*, grant Mr. Alvarez his costs and reasonable attorney's fees pursuant to § 760.11(5), FLA. STAT., and

*Six*, grant Mr. Alvarez such other and further relief as the circumstances and law provide.

### Count 6 — Sex Discrimination Under the FCRA

57. Plaintiff, Adiel Noel Alvarez, realleges and adopts, as if fully set forth in this Count, the allegations of ¶¶ 1-4, 6, 7, 8(b), 9 and 11-30.

58.     The treatment to which defendant, through its agents and employees, subjected Mr. Alvarez was motivated by his sex (male), and, thus, constituted sex discrimination as proscribed by FCRA.

59.     As a direct, natural, proximate and foreseeable result of the actions of defendant, through its agents and representatives, plaintiff  has suffered past pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses, and, without this Court's intervention, would suffer additional losses in the future.

60.     The sex discrimination that plaintiff is suffering, in violation of his Florida statutory rights to be free from such discrimination, constitutes irreparable harm for which there is no adequate remedy at law.

61.     Plaintiff is entitled to recover costs and litigation expenses, including a reasonable attorney's fee for bringing this action under § 760.11(5), FLA. STAT.

WHEREFORE, Plaintiff, Adiel Noel Alvarez, prays that this Court will grant judgment for him, and against defendant, City of Miramar, and:

*One*, issue a judgment that City of Miramar's practices toward Mr. Alvarez violated his rights against sex discrimination in violation of the FCRA;

*Two*, award judgment against City of Miramar for the back pay and benefits to which plaintiff would have been entitled but for its discriminatory acts;

*Three*, enjoin City of Miramar and its agents from continuing to violate plaintiff's statutory rights and to make him whole through, instatement, restoration of seniority and benefits, or, if that is not practical, through an award of front pay;

*Four*, enter judgment for plaintiff and against defendant for damages, including compensatory damages;

*Five*, grant Mr. Alvarez his costs and reasonable attorney's fees pursuant to § 760.11(5), FLA. STAT., and

*Six*, grant Mr. Alvarez such other and further relief as the circumstances and law provide.

### Jury Demand

Plaintiff, Adiel Noel Alvarez, demands trial by jury on all issues so triable.

Respectfully Submitted,

*/s/ William R. Amlong*
WILLIAM R. AMLONG
Florida Bar Number 470228
WRAmlong@TheAmlongFirm.com
KAREN COOLMAN AMLONG
Florida Bar Number 275565
KAmlong@TheAmlongFirm.com
JENNIFER DALEY
Florida Bar Number 856436
JDaley@TheAmlongFirm.com

THE AMLONG FIRM
500 Northeast Fourth St., Suite 101
Fort Lauderdale, Florida 33301-1154
(954) 462-1983
*Attorneys for the Plaintiff,*
*Adiel Noel Alvarez*

\\amlong3\cpshare\CPWin\HISTORY\230523_0001\188C.1A